UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW J. DAUGHERTY,

Plaintiff,

v.

WESTERN-CULLEN HAYES, INC.,

Defendant/Third-Party Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a/ AMTRAK, and UNION PACIFIC RAILROAD COMPANY, a corporation,

Third-Party Defendants.

Case No. 07-cv-745-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative. The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc*., 33 F.3d 774, 778 (7th Cir. 1994); *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits even if the defendant, whether as a matter of indolence or strategy, does not press the issue.")).

Defendant Western-Cullen Hayes, Inc., and Third-Party Defendants National Railroad Passenger Corporation (Amtrak) and Union Pacific Railroad removed this action from the Circuit Court for the Seventh Judicial Circuit, Jersey County, Illinois pursuant to 28 U.S.C. §§ 1331 and 1349. Defendants' contention is that, because Amtrak is a corporation created and

incorporated by Acts of Congress, with the United States owning more than one-half of Amtrak's stock, the Court has original, federal question jurisdiction over the case.

Defendants are undoubtedly correct that this Court would have subject matter jurisdiction over this matter if this were "an original, stand-alone lawsuit against Amtrak." *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 835 (7th Cir. 2003). However, Plaintiff did not file suit against Amtrak; rather, Defendant Western-Cullen Hayes, Inc. brought in Amtrak as a third-party defendant. A similar situation occurred in *Adkins*, where the Plaintiff's original complaint was brought in state court, and did not name Amtrak as a defendant. 326 F.3d at 830. In *Adkins*, Amtrak was brought in after removal as a third-party defendant. *Id.* The Seventh Circuit considered the question of whether the presence of Amtrak as a third-party defendant conferred subject matter jurisdiction over the original action, and concluded it did not. *Id*. at 836.

> [T]he question arises again whether jurisdiction over the case as a whole was somehow created when Birmingham Steel filed its third-party complaint against Amtrak. It is clear that an original, stand-alone lawsuit against Amtrak would fall within the original subject matter jurisdiction of the federal court, pursuant to 28 U.S.C. §§ 1331 and 1349 . Nevertheless, we must consider whether the existence of a third-party complaint affects the court's subject matter jurisdiction over the original action. We conclude that it does not . . . . If the plaintiff's well-pleaded complaint is not based on a federal question, there is no § 1331 jurisdiction. To allow . . . a permissive third-party action like the one before us . . . to govern jurisdiction would potentially defeat the plaintiff's choice of forum and "radically expand the class of removable cases."

*Adkins* at 835-36 (citations omitted).

Accordingly, the Court orders the Defendants to **SHOW CAUSE** on or before November

23, 2007 why, in light of *Adkins*, the Court should not remand this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: October 25, 2007**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**